**E-FILED on**   4/4/2012

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RONALD J. PLAGA<br><br>      Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>      Defendant. | No. C-09-01194 RMW<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>**[Re Docket No. 25]** |

      Plaintiff's attorney, Dolly M. Trompeter ("counsel"), moves for approval of attorney fees pursuant to the Social Security Act, 42 U.S.C. § 406(b).  Counsel requests a total award of $25,514, which is 25 percent of the past-due benefits awarded to plaintiff on remand.  Pursuant to the parties' stipulation, counsel was previously awarded $5,000 in EAJA fees, which she would pay to plaintiff upon receiving the total requested award.  Defendant Commissioner of Social Security ("Commissioner") states that, because it was not a party to the contingent-fee agreement between counsel and plaintiff, it is not in a position to either assent or object to the requested fees.  The Commissioner nonetheless offers an analysis of the request because the Supreme Court has held that the Commissioner has a role "resembling that of a trustee" for plaintiff.

ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)—No. C-09-01194 RMW
LJP

1    This court has discretion in evaluating a request for fees under § 406(b). *Crawford v. Astrue*,
2 586 F.3d 1142, 1149 (9th Cir. 2009). In making the fee determination, the court must look first to
3 the contingent-fee agreement and then test it for reasonableness. *Id.* (quoting *Gisbrecht v. Barnhart*,
4 535 U.S. 789, 808 (2002)). "A fee resulting from a contingent-fee agreement is unreasonable, and
5 thus subject to reduction by the court, if the attorney provided substandard representation or engaged
6 in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits
7 are large in comparison to the amount of time counsel spent on the case.'" *Id.* at 1148 (quoting
8 *Gisbrecht*, 535 U.S. at 807).

9    Here, plaintiff agreed to a 25 percent contingent-fee arrangement, and the agreement was
10 approved by the ALJ on remand. There is no indication that counsel provided substandard
11 representation or engaged in dilatory conduct; to the contrary, plaintiff states that he is "very
12 satisfied" with counsel's work and it appears counsel was able to speed the progress of the case by
13 persuading defendant to support voluntary remand. Based on counsel's records of her time spent
14 representing plaintiff before this court, the requested fees equate to an hourly rate of $619.27
15 ($25,514 / 41.2 hours). This appears to be comfortably within the range of effective hourly rates
16 that courts have approved. *See, e.g.*, *Crawford*, 586 F.3d at 1153 (approving fee awards equating to
17 effective hourly rates of $519, $875, and $902).

18    Thus, the court finds that the requested fees are reasonable and hereby orders the Social
19 Security Administration to pay directly to plaintiff's attorney, Dolly M. Trompeter, the total sum of
20 $25,514 for attorney fees pursuant to 42 U.S.C. § 406(b), $5,000 of which she shall pay to plaintiff
21 Ronald Plaga in light of the previous EAJA award.

24 DATED:   April 4, 2012

RONALD M. WHYTE
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)—No.
C-09-01194 RMW
LJP                                                     2